UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

EUGENE TIPTON AND                    CIVIL ACTION NO. 6:15-cv-02811
MILDRED TIPTON

VERSUS                               JUDGE DRELL

KEITH LANDEN, ET AL.                 MAGISTRATE JUDGE HANNA

## <u>MEMORANDUM  RULING</u>

Currently pending is the motion to remand (Rec. Doc. 9), which was filed by

the plaintiffs, Eugene and Mildred Tipton.  The motion is opposed.  (Rec. Doc. 13).

Oral argument was heard on February 29, 2016.  Considering the evidence, the law,

and the arguments of the parties, and for the reasons fully explained below, the

motion is granted.

## <span style="font-variant:small-caps">Background</span>

On August 24, 2014, Eugene and Mildred Tipton allegedly were the invited

guests Keith and Noel Landen at a camp in Grand Isle, Louisiana.  As Mr. Tipton was

loading luggage into the elevator on the second floor of the camp, the elevator

allegedly dropped to the first floor, trapping Mr. Tipton's arm and leg between the

first and second floors of the elevator shaft.  Mr. Tipton allegedly hung upside down

for approximately an hour before he was freed.  The plaintiffs alleged that this

resulted in severe injuries and permanent disability to Mr. Tipton and loss of consortium damages to Mrs. Tipton.

Mr. and Mrs. Tipton sued Keith and Noel Landen and Grand Isle Rental Properties, LLC, the alleged owners of the camp,[1] as well as their insurers, Lexington Insurance Company and Hudson Specialty Insurance Company.  The suit was filed in the 16th Judicial District Court, St. Mary Parish, Louisiana.

On October 13, 2015, Mr. and Mrs. Tipton, the Landens, and Lexington entered into a settlement agreement,[2] by which the full amount of Lexington's policy would be paid to the plaintiffs in exchange for the dismissal of Lexington from the lawsuit with prejudice.  Under the settlement agreement, the Landens were not released from all liability; instead, the plaintiffs reserved their claims against the Landens to the extent of any insurance coverage they might have in excess of that afforded by Lexington's policy.  Additionally, the plaintiffs agreed not to execute on any judgment obtained against the Landens except to the extent of the coverage afforded by any excess insurance policy.  The settlement agreement also stated that

---

[1]     Although it has been established that Keith and Noel Landen are the sole members of Grand Isle Rental Properties, LLC (Rec. Doc. 1-4 at 6), the plaintiffs' counsel stated during oral argument that, because discovery remains in its infancy, he does not know whether the camp is owned by Landens individually or by their company.

[2]     The settlement agreement was filed in the record under seal.  Therefore, it will not be directly quoted here but will only be paraphrased.

the Landens are to remain in this lawsuit as nominal defendants.  Such a procedure was utilized in *Gasquet v. Commercial Union Insurance Company*, 391 So.2d 466 (La. App. 4 Cir. 1980), *writs denied*, 296 So.2d 921, 922 (La. 1981), and such an arrangement is referred to in Louisiana jurisprudence as "a *Gasquet* settlement."  The dismissal order in the state-court action dismisses Lexington with prejudice while "specifically reserving unto Plaintiffs any and all rights and causes of action against all other parties not dismissed herein, including KEITH LANDEN, NOEL LANDEN, GRAND ISLE RENTAL PROPERTIES, LLC[,] and HUDSON SPECIALTY INSURANCE COMPANY."[3]

Defendant Hudson, the Landens' alleged excess insurance carrier, removed the case to this forum, arguing that the *Gasquet* settlement made this case removable.  The plaintiffs responded with the instant motion to remand.

## CONTENTIONS OF THE PARTIES

The plaintiffs argue that removal was improper and that remand is necessary because removal of this action would violate the forum defendant rule.  The forum defendant rule is a statutory provision that precludes removal on the basis of diversity jurisdiction when one or more defendants in the suit is a citizen of the forum state. It reads as follows:

---

[3]        Rec. Doc. 1-1 at 32.

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[4]

The plaintiffs contend that Keith Landen, Noel Landen, and Grand Isle Properties, LLC were properly joined and served as defendants and are Louisiana citizens, precluding removal.

Hudson argues that the forum defendant rule does not apply because the *Gasquet* settlement made Keith Landen, Noel Landen, and Grand Isle Properties, LLC nominal parties against whom a judgment cannot be obtained, making their citizenship irrelevant.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[5]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[6] and those in which the amount in controversy exceeds $75,000 exclusive of interest

---

[4]     28 U.S.C. § 1441(b)(2).

[5]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[6]     28 U.S.C. § 1331.

and costs and the parties are citizens of different states.[7]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[8]  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[9]  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[10]

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[11]  When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal jurisdiction exists.[12]  Even when a motion to remand is filed, the burden remains with

---

[7]      28 U.S.C. § 1332.

[8]      *Howery v. Allstate*, 243 F.3d at 916.

[9]      *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[10]      *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[11]      *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[12]      *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

the removing party.[13]  Accordingly, Hudson, the removing defendant in this case, has

the burden of establishing that the court has subject-matter jurisdiction.

A district court is required to remand the case to state court if, at any time

before final judgment, it determines that it lacks subject-matter jurisdiction.[14]  Indeed,

a federal court has an independent duty, at any level of the proceedings, to determine

whether it properly has subject-matter jurisdiction over a case.[15]

In this case, Hudson contends that the criteria for diversity jurisdiction are

satisfied when the citizenship of the allegedly nominal defendants[16] is disregarded,

while the plaintiffs argue that the forum defendant rule precludes removal.

---

[13]     See, e.g., *Teal Energy USA, Inc. v. GT, Inc*., 369 F.3d 873, 878 n. 16 (5th Cir. 2004) ("[T]he party invoking federal jurisdiction bears the burden of proof if diversity is challenged."; *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979); *Ray v. Bird & Son & Asset Realization Co*., 519 F.2d 1081, 1082 (5th Cir.1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."

[14]     See 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

[15]     *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

[16]     There is an issue concerning whether the plaintiffs reserved their claims only against the Landens and Hudson or reserved their claims against the Landens, Grand Isle Rental Properties, LLC, and Hudson.  Since the Landens and Grand Isle are all Louisiana citizens, this is a distinction without a difference for purposes of the pending motion, and this Court will not decide that issue.

-6-

The citizenship of the parties to this lawsuit is undisputed. The citizenship of a natural person is determined by the state in which he or she is domiciled.[17] Therefore, the Tiptons are Florida citizens,[18] and the Landens are Louisiana citizens.[19] A limited liability company is a citizen of every state in which any member of the company is a citizen.[20] Grand Isle Rental Properties, LLC has two members, Mr. and Mrs. Landen.[21] Therefore, it is a Louisiana citizen. A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[22] Hudson is a New York company, with its principal place of business in New York. Therefore, it is a New York citizen.[23] Accordingly, there is no dispute that there is complete diversity between the parties, no dispute that the Landens and the limited liability company are Louisiana citizens, and no dispute that the defendants were joined and served before removal. Therefore, the sole issue to be resolved is whether the forum defendant rule requires remand of this action.

---

[17]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[18]    Rec. Doc. 1-1 at 6.

[19]    Rec. Doc. 1-1 at 6.

[20]    See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[21]    Rec. Doc. 1-4 at 6.

[22]    28 U.S.C. § 1332(c)(1).

[23]    Rec. Doc. 1 at 5.

The forum defendant rule states that a case cannot be removed on the basis of diversity jurisdiction if a defendant, who was properly joined and properly served, is a citizen of the forum state.[24]   In accordance with the plain language of the statute, this rule applies even if the other criteria for removal are present.   The forum defendant rule is procedural rather than jurisdictional; therefore, a failure to comply with the rule is a defect in removal procedure[25] that is waived unless an objection is timely filed.[26]   In this case, however, the procedural defect was raised in a timely remand motion.

Hudson provided no jurisprudential or statutory authority for the proposition that the citizenship of an in-forum defendant can be disregarded if he is a "nominal defendant" due to a *Gasquet* settlement.   The cases that were cited by Hudson are not directly on point.

*RSUI Indemnity Co. v. American States Ins. Co.*, No. 12-2820, 2015 WL 5059704 (E.D. La. Aug. 26, 2015), was cited by Hudson because it explains what a *Gasquet* settlement is and states that when such a settlement is reached the insureds remain in the case as nominal defendants.   But *RSUI* was not a removed action.   The

---

[24]      28 U.S.C. § 1441(b)(2).

[25]      *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 396 (5th Cir. 2009) (quoting *In re Shell Oil Co*., 932 F.2d 1518, 1528 (5th Cir.1991)).

[26]      *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392; *In re Shell Oil Co*., 932 F.2d at 1523.

suit originally filed in state court was completed, and then the excess insurer sued the primary level insurer in federal court, arguing that its actions resulted in the excess carrier having to pay more than it should have.  The decision reached by the court in *RSUI* had nothing to do with whether the presence of in-forum defendants precludes removal or whether the citizenship of an in-forum defendant can be disregarded.

In *Hargrove v. Bridgestone*, No. 10-cv-0318, 2012 WL 692410 (W.D. La. Mar. 2, 2012), a state-court suit was removed to a Louisiana federal court even though some defendants were Louisiana citizens.  However, the Louisiana defendants had all settled even though no dismissal documents had been filed.  The court noted that, although they had not been formally dismissed, the settling defendants were not "actually present" in the lawsuit.  The court also said it could find "no plausible explanation for plaintiff's failure to dismiss the Louisiana Defendants as required by their agreement. . . ."  The court tolled the one-year deadline for removing a case on the basis of diversity and denied the motion to remand.  But the ruling provides no guidance for the situation created by the *Gasquet* settlement in this case.   In *Hargrove,* the Louisiana defendants had fully settled their claims and should have been dismissed from the suit but in the instant case, the Louisiana defendants must remain in the lawsuit.  The two situations are not equivalent.

In *Gore v. Robertson*, No. 14-00749-BAJ-RLB, 2015 WL 5749459 (M.D. La. Sept. 30, 2015), the lawsuit was filed following a motor vehicle accident, and the plaintiff executed a *Gasquet* settlement.  The suit was then removed more than one year after it was originally filed.  The district court denied the motion to remand but not because of any allegedly nominal party remaining in the suit following the *Gasquet* settlement.  The remand motion was decided on the basis of timing.  The plaintiff had a claim against the driver that hit him and a claim for a defect in the defendant's vehicle.  The first claim was asserted in the original petition, and the second claim was asserted in a later supplemental petition.  The claim against the defendant driver was settled, and the claim against the added defendant remained to be litigated.  The court did not address whether the removal was procedurally defective because of the *Gasquet* settlement but only discussed whether the removal was timely.  The court found that it was timely because the suit was removed less than one year after date on which the supplemental petition that added the new claim was filed.  The decision in *Gore* did not resolve the issue presented here.

In *Norfolk Southern v. Murphy Brothers*, No. 10-cv-1503, 2010 WL 5175049 (W.D. La. Dec. 3, 3010), suit was filed in state court due to a truck-train collision.  The suit was not originally removable because there were Louisiana defendants.  A *Gasquet* settlement was reached, noting the possibility of insurance coverage by

-10-

Liberty Mutual.  The defendants were not dismissed from the suit.  Later, the petition was amended to add a claim against Liberty Mutual, and Liberty Mutual removed. Norfolk filed a motion to remand based on the rule prohibiting removal more than one year after suit is filed and also based on the continued presence of Louisiana defendants.  The court granted the motion to remand – but solely on the basis that the one-year statutory limitation prevented removal.  The decision did not permit the citizenship of the in-forum defendants to be disregarded, and the issue presented in the motion now before this Court was not addressed.

On the other hand, the plaintiffs cited *Durel v. Howard*, No. 13-5991, 2013 WL 6499723, at *2 (E.D. La. Dec. 11, 2013), for the opposite proposition.  There, the court explained that the settlement signed by the plaintiff in that case was not a *Gasquet* settlement, and in dicta, stated that "[t]he circumstances in *Gasquet* likely would have precluded removal had it been attempted."  For the reasons set forth in this ruling, this Court agrees with that statement.

To reiterate, Hudson failed to direct this Court's attention to any jurisprudence reaching the conclusion that Hudson requests this Court to reach, and this Court's own research located no such cases.  Hudson did cite cases stating that an insured is only a nominal party after it has executed a *Gasquet* settlement,[27] but Hudson has not

---

[27]     See, e.g., *RSUI Indem. Co. v. Am. States Ins. Co.*, 2015 WL 5059704, at *6.

cited a case holding that because an insured executed a *Gasquet* settlement, its citizenship can be disregarded when the forum defendant rule is applied.

Authority was located for the proposition that the citizenship of a defendant may be disregarded when that party has been improperly joined. Improper joinder is a narrow exception to the rule of complete diversity.[28] When the parties are not diverse, the doctrine of improper joinder permits removal and precludes remand when there is either actual fraud in the pleading of jurisdictional facts or an inability of the plaintiff to establish a cause of action against a nondiverse party.[29] In that limited situation, the citizenship of a nondiverse party can be disregarded. Because the improper joinder doctrine is a narrow exception to the rule of complete diversity, it permits a court to ignore the citizenship of a nondiverse party when evaluating whether the parties are diverse in citizenship. Therefore, the improper joinder doctrine is not applicable to a diverse defendant. Since the Louisiana defendants in this action – the Landens and their limited liability company – are diverse from the plaintiffs, the improper joinder analysis cannot be utilized as a basis for disregarding their citizenship. In fact, by its plain language, the forum defendant rule applies only when the in-forum defendants have been properly joined and served. Thus, the forum

---

[28]     *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

[29]     *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

defendant rule – a procedural standard – is totally unrelated to the improper joinder doctrine, and there is no basis for conflating improper joinder and the forum defendant rule.

The settlement agreement that was executed by the Landens does not wholly relieve them of liability in this lawsuit.  They are relieved of liability only to the extent of their insurance coverage, and the plaintiffs contractually agreed not to execute on a judgment against the Landens in any amount greater than the available insurance coverage.  In order to reach the Landens' insurer, however, the plaintiffs must obtain a judgment against the Landens.  It is well-settled in Louisiana jurisprudence that an insurer's liability is contingent upon proof of the negligence or tortious conduct of its insured.[30]  Furthermore, this is not a situation in which the plaintiffs may proceed directly against the insurer without the Landens being parties to the suit.  Louisiana's direct action statute permits suit against the insurer without joining the insured only when the insured is deceased, bankrupt, insolvent, or cannot be served, when the action is between children and their parents or between married

---

[30]    See, e.g., *Brown v. Unknown Driver*, 2005-0421 (La. App. 4 Cir. 01/18/06), 925 So. 2d 583, 590; *Continental Casualty Ins. Co. v. RAS Management Co., Inc.*, 625 So. 2d 745, 748 (La. App. 1 Cir. 1993); *Terrebonne v. State Farm Fire & Casualty Co.*, 491 So. 2d 73, 75 (La. App. 1st Cir. 1986); *Lucey v. Harris*, 490 So. 2d 416, 419 (La. App. 5th Cir. 1986), writ denied 496 So. 2d 327 (La. 1986).

persons, or when the insurer is an uninsured motorist carrier.[31]  It is undisputed that none of those situations is presented by this lawsuit.

More important, the effect of a direct action would not advance Hudson's cause.  When an insurer is sued and the insured is not joined as a defendant in the lawsuit, the insurer is deemed to be a citizen of the state in which the insured is a citizen.[32]  In this case, a direct action against Hudson would result in it being deemed a citizen of Louisiana, and the forum defendant rule would still preclude removal.

Under the traditional rules of statutory interpretation, the first step is to examine the plain meaning of the statutory language.[33]  The statute at issue here – the forum defendant rule – unambiguously states that when a civil action is otherwise removable solely on the basis of diversity jurisdiction, it may not be removed if any properly joined and served defendant is a citizen of the state in which the action was brought.  Here, the parties are completely diverse, and the action was originally filed in a Louisiana state court.  But for the operation of the forum defendant rule, the action would be removable solely on the basis of diversity.  There is no dispute that at least two properly joined and served defendants are Louisiana citizens.  Therefore,

---

[31]     La. R.S. 22:1269(B).

[32]     28 U.S.C. § 1332(c)(1).

[33]     *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015); *United States v. Spurlin*, 664 F.3d 954, 964 (5th Cir. 2011).

the plain language of the statute requires remand of the action.  Moreover, Hudson cited no jurisprudential or statutory authority supporting the proposition that the citizenship of a properly joined and served in-state defendant can be disregarded when that defendant has executed a *Gasquet* settlement but remains in the suit. Accordingly, the motion to remand will be granted.

## CONCLUSION

For the reasons explained above, the plain language of the forum defendant rule found in 28 U.S.C. § 1441(b)(2) requires that the plaintiffs' motion to remand (Rec. Doc. 9) be granted.  A separate remand order will be issued.

Signed at Lafayette, Louisiana, on March 8, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE